IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| DEANDRE WELCH, | |
|---|---|
| Petitioner, | 8:18CV599 |
| vs. | |
| DOUGLAS COUNTY DISTRICT COURT, | MEMORANDUM AND ORDER |
| Respondent. | |

This matter is before me on initial review of Petitioner Deandre Welch's ("Welch") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241.[1] For the reasons discussed below, I will dismiss the petition without prejudice.

Welch is a state pretrial detainee confined by the Lancaster County courts on various felony charges including possession of a firearm by a prohibited person, this being the second or subsequent such offense. I take judicial notice of the state court records related to this case in *State v. Welch*, No. CR18-1159, District Court of Lancaster County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records).

Condensed and summarized, Welch alleges violations of his Constitutional rights. More particularly, Welch attacks the judge, his lawyer, and the prosecutor for violating his due process and assistance of counsel rights at the arraignment, respecting a motion to quash, regarding a continuance, and otherwise.

---

[1] I conduct this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the court to apply Rule 4 of those rules to a section 2241 action.

"[F]ederal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). "Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. State of La.*, 816 F.2d 220, 225 (5th Cir. 1987) (citing cases). Relatedly, "[i]n *Younger v. Harris*, [401 U.S. 37, 43-44 (1971)], the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." *Harmon v. City of Kansas City, Mo.*, 197 F.3d 321, 325 (8th Cir. 1999).

Abstention here is appropriate because Petitioner is involved with ongoing state court criminal proceedings and his allegations do not show that he exhausted his state court remedies. Specifically, I find that Petitioner's assertions do not constitute "special" or "extraordinary" circumstances that require intervention by the court. *See, e.g., Benson v. Superior Court Dept. of Trial Court of Mass.*, 663 F.2d 355 (1st Cir. 1981) (the specific double jeopardy claim alleged was not extraordinary given the lack of exhaustion). Because it "plainly appears from the petition . . . that [Welch] is not entitled to relief," *see* Rule 4 of the *Rules Governing Habeas Corpus Cases*, I will dismiss Welch's petition without prejudice.

Because "the detention complained of arises from process issued by a state court," Petitioner must obtain a certificate of appealability. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b)(1); *see also Hoffler v. Bezio*, 726 F.3d 144, 153 (2d Cir. 2013) (collecting cases of courts that ruled a state prisoner who petitions for habeas relief under 28 U.S.C. § 2241 must obtain a certificate of appealability). The standards for certificates (1) where the district court reaches the merits or (2) where the district

court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus (filing no. 1) is dismissed without prejudice. No certificate of appealability has been or will be issued.

2. The court will enter judgment by separate document.

Dated this 28th day of January, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge